IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL ROCKWELL; BRIAN McELIECE; JASON ALEXANDER; MATTHEW VIGAR; COLIN VARRATO; SYLVESTER WILSON; JOHN NITKIEWICZ; JOSHUA NAEGER; GARY FANI; JAMES BURNS, JR.; JASON KARINCHAK; DALE TETIL; AARON METHENEY; CARL SCHROLL, III; CHRISTOPHER MEEKS; JEFFREY LUDWIG; DAVID LUDWIG; THOMAS HILEMAN; WILLIAM LOHR, JR.; TOBY FOSTER; ROBERT ELLSWORTH, JR.; PAUL RUPERT, JR.; CHRISTOPHER MURDOCK; JOSHUA DENNIS; DAVID MORRISON; NATHAN FISHER; JESSE MALLON, JR.; and ROBERT RODGERS on behalf of themselves and all others similarly situated, Plaintiffs, v. THE PEPSI BEVERAGES COMPANY, INC. Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT Electronically Filed |

**INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1. This is an individual and collective action under the Fair Labor Standards Act of 1938, as amended (FLSA)(29 U.S.C. §201 et seq.), to recover damages for non-payment of overtime wages and to make Plaintiffs, and all others similarly situated, whole.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332.

3. Plaintiffs are residents and citizens of Pennsylvania, carry out their duties for Defendant in

Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper.

**PARTIES**

4. **Plaintiff Daniel Rockwell** (hereinafter "Plaintiff Rockwell" or "Rockwell") has resided at all relevant times at 255 Sleepy Hollow Road, Smithfield, PA 15478, is a citizen of Pennsylvania and has been employed by Defendant as a BCR (Bulk Customer Representative) for all or part of the time since March 2009.

5. **Plaintiff Brian McEliece** (hereinafter "Plaintiff McEliece" or "McEliece") has resided at all relevant times at 2124 Whiteshill Road, Greensburg, PA 15601, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

6. **Plaintiff Jason Alexander** (hereinafter "Plaintiff Alexander" or "Alexander") has resided at all relevant times at 403 Manor Road, Delmont, PA 15626, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

7. **Plaintiff Matthew Vigar** (hereinafter "Plaintiff Vigar" or "Vigar") has resided at all relevant times at 5900 Beatty Road, Apt. L108, Irwin, PA 15642, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

8. **Plaintiff Colin Varrato** (hereinafter "Plaintiff Varrato" or "Varrato") has resided at all relevant times at 6282 Route 217, Blairsville, PA 15717, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

9. **Plaintiff Sylvester Wilson** (hereinafter "Plaintiff Wilson" or "Wilson") has resided at all

relevant times at 205 Sleepy Hollow Road, Smithfield, PA  15478, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

10. Plaintiff John Nitkiewicz (hereinafter "Plaintiff Nitkiewicz" or "Nitkiewicz") has resided at all relevant times at 113 Academy Lane, Southwest, PA  15685, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

11. Plaintiff Joshua Naeger (hereinafter "Plaintiff Naeger" or "Naeger") has resided at all relevant times at 25 East 2nd Avenue, Latrobe, PA  15650, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

12. Plaintiff Gary Fani (hereinafter "Plaintiff Fani" or "Fani") has resided at all relevant times at 26 Hinsey Street, Oliver, PA  15472, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

13. Plaintiff James Burns, Jr. (hereinafter "Plaintiff Burns" or "Burns"), has resided at all relevant times at 2373 State Route 981, Alverton, PA  15612, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

14. Plaintiff Jason Karinchak (hereinafter "Plaintiff Karinchak" or "Karinchak") has resided at all relevant times at 297 Hellen School Road, Acme, PA  15610, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

15. Plaintiff Dale Tetil (hereinafter "Plaintiff Tetil" or "Tetil") has resided at all relevant times at 174 Kimberly Road, Dunbar, PA  15431, is a citizen of Pennsylvania and has been

employed by Defendant as a BCR for all or part of the time since March 2009.

16. Plaintiff Aaron Metheney (hereinafter "Plaintiff Metheney" or "Metheney") has resided at all relevant times at 174 Junior Street, Hopwood, PA 15445, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

17. Plaintiff Carl Schroll, III (hereinafter "Plaintiff Schroll" or "Schroll") has resided at all relevant times at 138 Center Avenue, Mt. Pleasant, PA 15666, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

18. Plaintiff Christopher Meeks (hereinafter "Plaintiff Meeks" or "Meeks") has resided at all relevant times at 609 Air Shaft Road, New Salem, PA 15468, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

19. Plaintiff Jeffrey Ludwig (hereinafter "Plaintiff Jeffrey Ludwig or "Jeffrey Ludwig") has resided at all relevant times at 137 Misty Meadow Road, Mt. Pleasant, PA 15666, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

20. Plaintiff David Ludwig (hereinafter "Plaintiff David Ludwig" or "David Ludwig") has resided at all relevant times at 201 Ali Drive, Pleasant Unity, PA 15676, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

21. Plaintiff Thomas Hileman (hereinafter "Plaintiff Hileman" or "Hileman") has resided at all relevant times at 1000 Weir Drive, Belle Vernon, PA 15012, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

22. Plaintiff William Lohr, Jr. (hereinafter "Plaintiff Lohr" or "Lohr") has resided at all relevant times at 292 Wharton Furnace Road, PA 15437, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

23. Plaintiff Toby Foster (hereinafter "Plaintiff Foster" or "Foster") has resided at all relevant times at 30 Garfield Road, Latrobe, PA 15437, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

24. Plaintiff Robert Ellsworth, Jr. (hereinafter "Plaintiff Ellsworth" or "Ellsworth") has resided at all relevant times at 85 Kyle Avenue, Fairchance, PA 15436, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

25. Plaintiff Paul Rupert, Jr. (hereinafter "Plaintiff Rupert" or "Rupert") has resided at all relevant times at 313 Samuel Drive, Cranberry Township, PA 16066, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

26. Plaintiff Christopher Murdock (hereinafter "Plaintiff Murdock" or "Murdock") has resided at all relevant times at 188 Hunting Ridge Drive, Greensburg, PA 15601, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

27. Plaintiff Joshua Dennis (hereinafter "Plaintiff Dennis" or "Dennis") has resided at all relevant times at 186 Old Walnut Hill Road, Uniontown, PA 15401, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time

since March 2009.

28. Plaintiff David Morrison (hereinafter "Plaintiff Morrison" or "Morrison") has resided at all relevant times at 339 Middle Ridge Road, Ohiopyle, PA 15470, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

29. Plaintiff Nathan Fisher (hereinafter "Plaintiff Fisher" or "Fisher") has resided at all relevant times at 140 New Beaver Creek Road, Markleysburg, PA 15459, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

30. Plaintiff Jesse Mallon, Jr. (hereinafter "Plaintiff Mallon" or "Mallon"), has resided at all relevant times at 140 New Beaver Creek Road, Markleysburg, PA 15459, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

31. Plaintiff Robert Rodgers (hereinafter "Plaintiff Rodgers" or "Rodgers") has resided at all relevant times at 1324 Poplar Street, South Greensburg, PA 15601, is a citizen of Pennsylvania and has been employed by Defendant as a BCR for all or part of the time since March 2009.

32. Defendant The Pepsi Beverages Company, Inc. (hereinafter "Defendant," or "PBC"), a subsidiary of PepsiCo, Inc., is PepsiCo's beverage manufacturing, sales and distribution operating unit in the United States, Canada and Mexico; is incorporated in and a citizen of a state other than PA (1 Pepsi Way, Somers, NY 10589-2201); maintains a business location at 204 Avenue B, Youngwood, PA 15697; and, maintains a continual business presence in the Commonwealth of Pennsylvania.

33.   Defendant is an enterprise engaged in commerce with revenues in excess of $500,000 and is subject to the provisions of the FLSA throughout the relevant time period of this litigation.

34.   Plaintiffs are and have been entitled to the protections of the FLSA throughout the relevant time period of this litigation.

## BACKGROUND AND STATEMENT OF CLAIMS

35.   Plaintiffs have worked for Defendant as Bulk Customer Representatives (BCRs) for all or part of the time since March 2009; a majority of the Plaintiffs worked as BCRs for Defendant before March 2009 as well.

36.   There are, and have been, in excess of 3,000 BCRs employed by Defendant since March 2009 in the fifty (50) states of the United States.

37.   More than 200 of these BCRs have resided and worked in Pennsylvania.

38.   As BCRs, Plaintiffs have been responsible for servicing and promoting the sales of PBC beverage products in supermarkets and other retail stores in Pennsylvania.

39.   Plaintiffs' primary duties are to service the sales made by other non-BCRs.

40.   Since approximately 2003, the BCRs in Pennsylvania, as well as in the other fifty (50) states of the United States, have been paid a guaranteed base pay and incentive commissions, and incentive compensation for unused vacation and sick leave.

41. In addition, Plaintiffs and the other BCRs throughout the fifty (50) States of the United States have been paid overtime, for the hours worked over 40 in a workweek, at one-half (½) a variable regular rate of pay.

42. Since 2003 Plaintiffs, and the other BCRs of the fifty (50) states of the United States, have been paid according to a "fluctuating work week" method of payment within the meaning of 29 C.F.R. §778.114.

43. PBC refers to this method of pay as the VROT (for "variable rate overtime").

44. The VROT is part of a pay plan referred to as the "Volume Incentive Plan" (VIP).

45. The Volume Incentive Plan (VIP) has three main components:
    - guaranteed base pay;
    - incentive commissions; and,
    - VROT.

46. The first component of the VIP, since 2003, has been a guaranteed base pay.

47. The second component of the VIP, since 2003, has been payment of incentive commissions.

48. Plaintiffs have earned and been paid these incentive commissions since at least March 2009 (three years before the filing of this action).

49. These incentive commissions are non-discretionary (performance based).

50. In accordance with the VIP Plan, the incentive commissions are included in the calculation of the regular rate of pay for each workweek.

51. In addition, Defendant pays Plaintiffs, and the other BCRs of the fifty (50) states of the United States, additional incentive compensation for unused vacation and sick leave.

52. This additional incentive compensation is non-discretionary based upon the prior agreement of PBC and the BCRs.

53. As a result of payment of the incentive commissions and payment of the incentive compensation for unused vacation and sick leave, Plaintiffs have not been paid a fixed base pay that does not vary.

54. The third component of the VIP, since 2003, is payment of overtime utilizing the Fluctuating Work Week (FWW) method of pay in 29 CFR §778.114.

55. The VROT portion of the VIP Plan calculates the regular rate of pay each week based on the work hours recorded and the incentive commissions earned, not a fixed 40-hour workweek.

56. The result under the VIP Plan, specifically the VROT part of the VIP Plan, is a variable regular rate of pay for each week, not a fixed regular rate of pay.

57. Plaintiffs and the other BCRs in the fifty (50) states of the United States do not agree

beforehand with Defendant what the regular rate of pay will be for each week. Rather, the regular rate of pay for each week is not determined until after the workweek is completed and it is determined how many hours are recorded as worked and how much is earned in incentive commissions.

58. Defendant has followed the same pay policies and practices (¶¶40-57) with respect to the other BCRs throughout the fifty (50) States of the United States since March 2009 (since 2003, actually).

59. The other BCRs have performed similar duties with respect to various PBC products since March 2009 (actually, since 2003) as have Plaintiffs. (¶¶38-39)

60. There have been well in excess of 2,000 such BCRs employed by PBC throughout the fifty (50) States of the United States since March 2009, with over 200 of the BCRs in Pennsylvania.

61. Each of the named Plaintiffs has worked and recorded overtime since at least March 2009.

62. Each of the named Plaintiffs has been paid for his recorded overtime since at least March 2009 according to the Fluctuating Workweek method of pay reflected in the VROT portion of PBC's VIP Plan (½ rate based on a variable regular rate of pay).

63. The other BCRs throughout the fifty (50) States of the United States have been compensated and continue to be compensated for any recorded overtime since at least March 2009 (actually, since 2003) according to the Fluctuating Workweek method of pay embodied in the VROT portion of PBC's VIP Plan (½ rate based on a variable regular rate of

pay).

64. Plaintiffs are and have been non-exempt within the meaning of the FLSA at all times relevant to this lawsuit.

65. The other BCRs employed by PBC in the fifty (50) States of the United States are and have been non-exempt within the meaning of the FLSA at all times relevant to this lawsuit.

66. Notwithstanding the fact Plaintiffs are and have been non-exempt, and the fact Plaintiffs have worked and recorded in excess of forty (40) hours in workweeks since March 2009, Plaintiffs have been paid no overtime at time-and-one-half the fixed regular rate of pay.

67. Notwithstanding the fact the other BCRs throughout the United States have been non-exempt, and the fact the other BCRs employed by PBC in the fifty (50) States of the United States have worked and recorded in excess of forty (40) hours in workweeks since March 2009 (actually, since 2003), the other BCRs have been paid no overtime at time-and-one-half the fixed regular rate of pay.

68. Defendant has failed, since March 2009 (actually, since 2003), to comply with the requirements of 29 C.F.R. §778.114 (FWW).

69. Specifically, Defendant has:
   A.  Not paid BCRs a fixed base pay that does not vary;
   B.  Paid non-discretionary incentive commissions that are included in the calculation of the regular rate of pay for overtime purposes, resulting in the BCR's compensation varying from workweek to workweek; and,

    **C.**    **Paid non-discretionary incentive payments for unused vacation and unused sick time, resulting in the BCRs' compensation varying from workweek to workweek.**

70. **By following these practices (¶¶40-57, 62, 63, 66, 67), Defendant's right to employ the FWW method of pay under 29 C.F.R. §788.114 is destroyed.**

71. **Defendant has known that Plaintiffs, and the other BCRs employed by PBC in the fifty (50) States of the United States, have worked in excess of forty (40) hours in workweeks during their employment with Defendant since March 2009 (actually, since 2003).**

72. **Defendant has known since March 2009 (actually, since 2003) that it is required by the FLSA to pay overtime to its non-exempt employees, such as Plaintiffs and the other BCRs employed by PBC in the fifty (50) States of the United States, for hours worked in excess of forty (40) hours in any given workweek at time-and-one-half the regular rate of pay calculated using a <u>fixed</u> regular rate of pay based on a 40-hour workweek.**

73. **Defendant has acted in knowing and intentional violation of the law, and in reckless indifference to the rights of Plaintiffs and the other BCRs throughout the United States, in failing to pay overtime at time-and-one-half the fixed regular rate of pay.**

74. **Defendant's violation of the law has been, and remains, a continuing violation of the FLSA since at least March 2009 (actually, since 2003).**

## COLLECTIVE ACTION ALLEGATIONS

75. **There is a class of employees, similarly situated to Plaintiffs, who have worked as BCRs since March 2009, in Pennsylvania and in the fifty (50) States of the United States, and who**

have been subjected to the same policies and practices as Plaintiffs (noted above) resulting in denial of overtime wages at 1 ½ the fixed regular rate of pay under the FLSA.

76. These similarly situated employees on whose behalf this lawsuit is brought include all present and former BCRs employed by Defendant since March 2009, in Pennsylvania and in the fifty (50) States of the United States, who have been denied overtime at time-and-one-half their fixed regular rate of pay for hours worked in excess of 40 hours per workweek.

77. Defendant's violations have been knowing and willful.

78. Prosecuting this case as a collective action for similarly situated employees who have been unlawfully denied overtime will promote judicial efficiency and will best protect the interest of the class members.

79. There are no conflicts of interest among the class members.

80. Counsel for the Representative Plaintiff, Joseph H. Chivers and John R. Linkosky, are experienced in the field of wage and hour law, and class/collective actions, and will fairly and competently represent the interests of the class members.

### COUNT I: FAIR LABOR STANDARDS ACT (FLSA) - OVERTIME

81. Plaintiffs hereby incorporate Paragraphs 1 through 80 of their Complaint as though the same were more fully set forth at length herein.

82. Plaintiffs, and all others similarly situated BCRs in Pennsylvania and in the fifty (50) states

of the United States, are employees of Defendant within the meaning of the FLSA.

83.  Defendant is an employer within the meaning of the FLSA.

84.  Plaintiffs, and all others similarly situated BCRs in Pennsylvania and in the fifty (50) states of the United States, are and have been non-exempt since March 2009.

85.  Plaintiffs, and all others similarly situated BCRs in Pennsylvania and in the fifty (50) states of the United States, have been entitled to overtime at a rate of time-and-one-half their fixed regular rate of pay for hours worked in excess of forty hours per workweek since March 2009.

86.  Plaintiffs, and all others similarly situated BCRs in Pennsylvania and in the fifty (50) states of the United States, have worked and recorded in excess of forty hours in workweeks since March 2009.

87.  Defendant has failed to pay overtime to Plaintiffs, and all other similarly situated BCRs in Pennsylvania and in the fifty (50) states of the United States, at time-and-one-half the fixed regular rate of pay for hours worked and recorded in excess of forty hours in workweeks since March 2009.

88.  Defendant's failure to pay overtime at time-and-one-half the fixed regular rate of pay is a violation of the FLSA.

89.  Defendant's violation is knowing, intentional, and willful, and in reckless disregard of the rights of Plaintiffs and all others similarly situated BCRs in Pennsylvania and in the fifty

(50) states of the United States.

90. Plaintiffs, and all others similarly situated BCRs in Pennsylvania and in the fifty (50) states of the United States, are entitled to overtime at 1 ½ the fixed regular rate of pay for hours worked in excess of forty hours in workweeks since March 2009, plus liquidated damages of an equal amount and reasonable attorney fees and costs.

**PRAYER FOR RELIEF**

91. WHEREFORE, Plaintiffs, and all others similarly situated, respectfully request that this Court:

   A. Order Defendant to make Plaintiffs, and the class of BCRs in Pennsylvania and in the fifty (50) states of the United States, whole by paying overtime wages due for the period since March 2009, at time-and-one-half the fixed regular rate of pay;

   B. Order Defendant to pay liquidated damages and interest on overtime wages owed;

   C. Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiffs; and,

   D. Grant such further relief as the Court deems necessary and proper, including injunctive relief to bring PBC in compliance with the FLSA.

Respectfully submitted,

s/Joseph H. Chivers
Joseph H. Chivers, Esquire
PA ID No. 39184
100 First Avenue, Suite 1010
Pittsburgh, PA 15222-1514
jchivers@employmentrightsgroup.com
(412) 227-0763 / (412) 281-8481 FAX

                         **s/John R. Linkosky**
                         **John R. Linkosky, Esquire**
                         **PA ID No. 66011**
                         **715 Washington Avenue**
                         **Carnegie, PA  15106-4107**
                         [linklaw@comcast.net](mailto:linklaw@comcast.net)
                         **(412) 278-1280 / (412) 278-1282 FAX**

                         **Counsel for Plaintiffs and Class**

**Dated:** <u>**March 29, 2012**</u>